UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No: 21-1830

Sarah K. Molina, et al.

Appellees

v.

City of St. Louis, Missouri, et al.

Daniel Book, in his individual capacity and Joseph Busso, in his individual capacity

Appellants

Jason C. Chambers

Lance Coats, in his individual capacity, et al.

Appellants

_____

Appeal from U.S. District Court for the Eastern District of Missouri - St. Louis
(4:17-cv-02498-AGF)
_____

**ORDER**

The petition for rehearing en banc is denied. The petition for panel rehearing is also denied.

Chief Judge Smith and Judges Colloton, Benton and Kelly would grant the petition for rehearing en banc.

COLLOTON, Circuit Judge, with whom BENTON, Circuit Judge, joins, dissenting from denial of rehearing en banc.

Imagine the following local ordinance:

> It shall be unlawful for any person to watch police-citizen interactions at a distance and without interfering. A violation of this section shall be punishable as a misdemeanor.

According to the rationale of the panel majority in this case, a reasonable public official in August 2015 could have believed that this hypothetical ordinance is consistent with the First Amendment. And the panel majority volunteered further that the supposed absence of a decision recognizing a First Amendment right to observe police conduct at a distance and without interfering "makes good sense." *Molina v. City of St. Louis*, 59 F.4th 334, 340 n.2 (8th Cir. 2023).

Rehearing is warranted to consider whether intentional police retaliation against citizens identifying themselves as legal observers during a public protest violated a clearly established right of the legal observers. As the panel dissent pointed out, this court already concluded that police officers were on notice of a clearly established right under the First Amendment to observe police conduct *as of February 2015*—before the incident in this case. *Chestnut v. Wallace*, 947 F.3d 1085, 1090-91 (8th Cir. 2020); *see Chestnut v. Wallace*, No. 4:16-cv-1721, 2018 WL 5831260, at *1 (E.D. Mo. Nov. 7, 2018). Applying *Walker v. City of Pine Bluff*, 414 F.3d 989 (8th Cir. 2005), the court in *Chestnut* held that a police officer's seizure of a citizen was unreasonable under the Fourth Amendment precisely because the citizen was exercising a clearly established right under the First Amendment:

> Taking the facts in Chestnut's favor, we think *Walker* establishes that Wallace violated Chestnut's clearly established right to watch police-citizen interactions at a distance and without interfering. . . . We think we have correctly characterized the principle acted on in *Walker*, and thus the right in question, and we conclude that Chestnut has carried his burden to show that *Walker* clearly establishes such a right.

\* \* \*

Other legal authorities fully support our holding that the right here was clearly established. Every circuit court to have considered the question has held that a person has the right to record police activity in public. *See, e.g.*, *Fields v. City of Philadelphia*, 862 F.3d 353, 355–56 (3d Cir. 2017). Four circuits had so decided by the time of the events in question here. *See ACLU of Ill. v. Alvarez*, 679 F.3d 583, 595 (7th Cir. 2012); *Glik v. Cunniffe*, 655 F.3d 78, 82–83 (1st Cir. 2011); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995). This robust consensus of cases of persuasive authority suggests that, if the constitution protects one who records police activity, then surely it protects one who merely observes it—a necessary prerequisite to recording. . . . Surely if officers cannot seize someone who criticizes or curses at them while they perform official duties, they cannot seize someone for exercising the necessarily included right to observe the police in public from a distance and without interfering.

947 F.3d at 1090-91.

*Chestnut*'s conclusion about a clearly established First Amendment right to observe police activity as of February 2015 was part and parcel of the court's analysis as to why a police officer could not reasonably seize the citizen in that case. A subsequent panel is not free to disregard that aspect of *Chestnut* even if the panel majority thinks it would make "good sense" for a court to say that the First Amendment allows a city to outlaw the observation of police activity.

Rehearing also would allow consideration of the panel opinion's conclusion that attending a protest while wearing a bright-colored hat emblazoned with "National Lawyers Guild Legal Observer" rather than "Protestor" is not clearly protected expression. The panel majority deemed this a "close call" only after mistakenly requiring that the legal observers communicate a "particularized message" during the protest. The Supreme Court has explained that "a narrow, succinctly articulable message is not a condition of constitutional protection, which if confined to expressions conveying a 'particularized message' would never reach the unquestionably shielded painting of Jackson Pollock, music of Arnold Schöenberg, or Jabberwocky verse of Lewis Carroll." *Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston*, 515 U.S. 557, 569 (1995). As the Court's examples show, this rule is not limited to expression in parades: our circuit law already said as much before the panel opinion in this case purported to narrow it. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 477 (8th Cir. 2010) (per curiam); *Robb v. Hungerbeeler*, 370 F.3d 735, 744 (8th Cir. 2004); *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954, 957 (8th Cir. 2003).

The conflicts between the panel opinion and circuit precedent are particularly regrettable because the issues under discussion were not even raised by the police officers in this case. The officers did not argue in the district court or in their opening brief on appeal that the legal observers engaged in no protected First Amendment activity, so that issue was waived. *Walker-Swinton v. Philander Smith College*, 62 F.4th 435, 441 (8th Cir. 2023). Nor did they assert the panel majority's theory of qualified immunity on the civil rights claim that requires no First Amendment activity. *See Heffernan v. City of Paterson*, 578 U.S. 266 (2016); *DeCrane v. Eckart*, 12 F.4th 586, 594 (6th Cir. 2021). The officers argued on appeal only (1) that they had arguable probable cause to deploy tear gas canisters against the legal observers, (2) that the district court failed to analyze the conduct of each officer individually, and (3) that it was reasonable for the officers to believe that they could attempt to disperse a disorderly and assaultive crowd. The panel raised new issues in an order for supplemental briefing, and then reversed the district court's order on that basis in a divided decision. That is not how the system should work: "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) (Scalia, J.); *see Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998) ("Too often our colleagues on the district court complain that the appellate cases about which they read were not the cases argued before them.").

I would grant the petition for rehearing.

_____

April 24, 2023

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
/s/ Michael E. Gans